

Indian Wells
(760) 568-2611
Irvine
(949) 263-2600
Los Angeles
(213) 617-8100
Manhattan Beach
(310) 643-8448

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW

2001 N. Main Street, Suite 390, Walnut Creek, CA 94596
Phone: (925) 977-3300 | Fax: (925) 977-1870 | www.bbklaw.com

Ontario
(909) 989-8584
Riverside
(951) 686-1450
Sacramento
(916) 325-4000
San Diego
(619) 525-1300
Washington, DC
(202) 785-0600

**Roderick E. Walston**
(925) 977-3304
roderick.walston@bbklaw.com
File No. 01358.00010

February 1, 2019

**VIA ELECTRONIC COURT FILING**

Molly C. Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
95 Seventh Street
San Francisco, CA 94103-1526

Re: Request for Publication of January 28, 2019 Judgment
*Agua Caliente Band of Cahuilla Indians v. Riverside County, et al.*,
Ninth Cir. No. 17-56003

Dear Ms. Dwyer:

Defendants Desert Water Agency ("DWA") and the County of Riverside ("County") (collectively, "Defendants") hereby request that this Court authorize publication of the Court's January 28, 2019 Memorandum decision affirming the district court's grant of summary judgment in favor of Defendants ("Decision") against the Agua Caliente Band of Cahuilla Indians ("Tribe"). (ECF Dkt. No. 174).

The Decision warrants publication for several important reasons. First, there is pending litigation in the California Court of Appeal[1] and two California superior courts[2] brought by non-Indian lessees seeking refunds of possessory interest taxes ("PIT") paid based on the same preemption arguments brought by the Tribe in this case. Both the Court of Appeal and Superior Courts would benefit substantially from the guidance afforded by the Decision. For instance, the Court of Appeal and Riverside Superior Court cases involve the identical tax challenged by the Tribe in this case as applied to allotted lands leased by non-Indian plaintiffs. Moreover, the Tehama County Superior Court acknowledged early on in that litigation that it would be preferable to await the Ninth Circuit's resolution of the PIT challenge before proceeding with the state court refund claim, although it ultimately elected to proceed before this Court issued its Decision. Accordingly, a published federal opinion would bolster the persuasive authority available to the state courts in resolving issues that are nearly identical to those resolved by this Court in its Decision, and would aid in facilitating a consistent body of law with respect to California possessory interest taxes on interests in tribal lands.

---

[1] *Heidi L. Herpel* v. *County of Riverside* (PSC1404764, app. pending).
[2] *Albrecht, et al. v. County of Riverside, et al.* (Super. Ct. Riverside County, 2014, No. PSC1501100); *Mountain Counties Supply Company v. County of Tehama* (Super. Ct. Tehama County, 2017, No. 17C1000028).





In addition, the Decision brings existing Ninth Circuit decisions into accord with the Supreme Court's decision in *Bracker v. White Mountain Apache Tribe*, 448 U.S. 136 (1980). By holding that *Agua Caliente Band of Mission Indians v. County of Riverside*, 442 F.2d 1184 (1971) and *Fort Mojave Tribe v. County of San Bernardino*, 543 F.2d 1253 (9th Cir. 1976) are not "clearly irreconcilable" with *Bracker*, the Decision establishes that those cases continue to possess precedential authority with respect to, at a minimum, California possessory interest taxes on interests in otherwise tax-exempt tribal land. The district court incorrectly determined that *Agua Caliente* and *Fort Mojave* were "repudiated and superseded" by *Bracker*. Order re Parties' Motions for Summary Judgment at 25, fn. 18, *Agua Caliente Band of Mission Indians v. County of Riverside, et al.*, 5:14-cv-000007 (C.D. Cal. June 15, 2017).

The Decision should also be published because it meets at least two independent publication criteria under Ninth Circuit Rule 36-2. Under that Rule, "[a] written, reasoned disposition shall be" published "if it: (a) [e]stablishes, alters, modifies or clarifies a rule of federal law [or] (d) [i]nvolves a legal or factual issue of unique interest or substantial public importance." The Decision clarifies two rules of federal law, because it expressly clarifies that *Bracker* does not invalidate judicial decisions which are practically consistent with the balancing test required by *Bracker*, and the Decision indirectly clarifies the scope of the regulatory caveat "subject only to applicable Federal law" in 25 C.F.R. § 162.017's prohibition on taxes on leased tribal lands.

In *Bracker*, the Supreme Court held that the applicability of state law on non-Indian activity on tribal lands depends on a "particularized inquiry" that balances state, federal, and tribal interests. A substantial legal question arises, however, as to whether cases preceding the Supreme Court's holding in *Bracker* are still valid in the absence of an expressly performed "particularized inquiry" of state, federal, and tribal interests. In its Decision, this Court clarified that, as a practical matter, prior Ninth Circuit decisions regarding the applicability of California's possessory interest tax on interests in tribal lands are not clearly irreconcilable with *Bracker*, even if the Court did not expressly announce that it was making a particularized inquiry into the interests at stake in those cases. Thus, the Decision makes clear that *Bracker* balancing may be satisfied if, in practical effect, a court weighs state, federal, and tribal interests, even if the court does not specifically state that it is performing a "particularized inquiry."

Additionally, the Bureau of Indian Affair's recently promulgated regulation, 25 C.F.R. § 162.017, provides that "Subject only to applicable Federal law, permanent improvements on the leased land, without regard to ownership of those improvements, are not subject to any fee, tax, assessment, levy, or other charge imposed by any State or political subdivision of a State. Improvements may be subject to taxation by the Indian tribe with jurisdiction." While on its face the regulation purports to prohibit state taxation of leased land, the regulation is nonetheless subject to applicable Federal law. Moreover, as this Court previously recognized, the promulgation of 25 C.F.R. § 162.017 did not change existing law (*see Desert Water Agency v.*





*United States Dep't of the Interior*, 849 F.3d 1250, 1254 (9th Cir. 2017) ("[Section 162.017] does not purport to change existing law…"), and thus the scope the regulation is delineated by prior federal court precedent. Because the Decision clarifies that the decisions in *Agua Caliente* and *Fort Mojave* are still valid—because they are not clearly irreconcilable with *Bracker*—the regulation's prohibition on state possessory interest taxes does not exclude those imposed by California on leasehold interests in otherwise tax-exempt lands, as upheld in *Agua Caliente* and *Fort Mojave*. The Court's Decision therefore clarifies, albeit indirectly, a rule of federal law.

Finally, without question, the issue decided by this Court is of substantial public importance. Of direct consequence, the Decision allows the County and DWA to continue providing various services to customers and residents in Riverside County. However, public benefits conferred through services reliant on possessory interest tax revenues are not limited to Riverside County. California is comprised of 58 counties encompassing 110 federally recognized tribes; thus, the Decision addresses a statewide issue of disruption caused by possessory interest tax challenges affecting the comprehensive and efficient administration of public services for the public welfare. Pending litigation in California appellate and superior courts, as discussed above, exemplifies the substantiality of this issue to public services and benefits. Additionally, the issue of possessory interest taxation on interests in tribal lands likely extends beyond California, as it is entirely foreseeable that the Decision will aid legitimate enactment or reformation of existing possessory interest taxes in other Circuit states seeking to best serve their respective populaces, tribal and non-tribal alike. Taken together, the Decision clearly involves a legal issue of substantial public importance.

For the reasons set forth above, Defendants respectfully request that this Court designate the Decision for publication in the Federal Supplement.

Respectfully Submitted,

*/s/ Jennifer A. MacLean*
Jennifer A. MacLean (*Pro Hac Vice*)
Benjamin S. Sharp (*Pro Hac Vice*)
Meredith Weinberg (*Pro Hac Vice*)
for PERKINS COIE LLP
*Attorneys for County of Riverside*

*/s/ Roderick E. Walston*
Roderick E. Walston
for BEST BEST & KRIEGER LLP
*Attorneys for Desert Water Agency*

Enclosure

FILED

JAN 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| AGUA CALIENTE BAND OF CAHUILLA INDIANS, a federally recognized Indian tribe, on its own behalf and as parens patriae for its members,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>RIVERSIDE COUNTY; et al.,<br><br>Defendants-Appellees,<br><br>DESERT WATER AGENCY,<br><br>Intervenor-Defendant-Appellee. | No. 17-56003<br><br>D.C. No. 5:14-cv-00007-DMG-DTB<br><br>MEMORANDUM* |
|---|---|

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted January 8, 2019
Pasadena, California

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER and WATFORD, Circuit Judges, and ZOUHARY,[***] District Judge.

Plaintiff Agua Caliente Band of Cahuilla Indians appeals the summary judgment entered in favor of Defendant Riverside County and Intervenor-Defendant Desert Water Agency, upholding the right of the County to assess and collect a possessory interest tax ("PIT") from non-Indian lessees of Indian trust lands on the Agua Caliente Reservation. On de novo review, Los Coyotes Band of Cahuilla & Cupeno Indians v. Jewell, 729 F.3d 1025, 1035 (9th Cir. 2013), we affirm.

In Agua Caliente Band of Mission Indians v. County of Riverside, 442 F.2d 1184 (9th Cir. 1971), we held that this very tax is permissible. Plaintiff argues that our cursory preemption analysis there is clearly irreconcilable with White Mountain Apache Tribe v. Bracker, 448 U.S. 136 (1980), and therefore not controlling. See Miller v. Gammie, 335 F.3d 889, 893 (9th Cir. 2003) (en banc) (permitting a three-judge panel to depart from circuit precedent if, but only if, that precedent is clearly irreconcilable with a later Supreme Court or en banc decision). We disagree.

[***] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

In Bracker, the Supreme Court recognized that "[m]ore difficult" preemption questions arise in cases like this, in which "a State asserts authority over the conduct of non-Indians engaging in activity on the reservation." 448 U.S. at 144. In such cases, Bracker instructs that a court's inquiry should not be "dependent on mechanical or absolute conceptions of state or tribal sovereignty." Id. at 145. Instead, courts should engage in "a particularized inquiry into the nature of the state, federal, and tribal interests at stake." Id.

In Agua Caliente, decided nine years before Bracker, we did not expressly engage in that particularized, interest-balancing inquiry. But we did consider the congressional purpose behind "the legislation dealing with Indians and Indian lands," the PIT's legal incidence, and the indirect economic effect of the PIT on the tribe and tribal members. See Agua Caliente, 442 F.2d at 1186–87. A few years later, in Fort Mojave Tribe v. County of San Bernardino, 543 F.2d 1253 (9th Cir. 1976), we again upheld the assessment and imposition of a PIT on non-Indian lessees of land held in trust by the federal government for an Indian tribe.[1] In Fort Mojave, we engaged in a more extensive analysis of the PIT's effect on federal and

[1] We reject the district court's characterization of our holding as dictum. See Barapind v. Enomoto, 400 F.3d 744, 750–51 (9th Cir. 2005) (en banc) (per curiam) (holding that a panel majority's decision concerning an issue presented for review is circuit law even if that decision was not necessary to the disposition of the case).

tribal interests, foreshadowing the later requirements of Bracker. Indeed, in Confederated Tribes of Chehalis Reservation v. Thurston County Board of Equalization, 724 F.3d 1153, 1158 (9th Cir. 2013), we observed that our PIT cases, including Fort Mojave, "applied a similar mode of analysis" to Bracker.

We conclude that our PIT precedents are not clearly irreconcilable with Bracker. We note that

> "[t]he clearly irreconcilable requirement is a high standard." United States v. Robertson, 875 F.3d 1281, 1291 (9th Cir. 2017) (quotation marks omitted). Accordingly, "[i]t is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." Id. "So long as the court can apply our prior circuit precedent without running afoul of the intervening authority it must do so." Id. (quotation marks omitted).

Close v. Sotheby's, Inc., 894 F.3d 1061, 1073 (9th Cir. 2018) (second alteration in original). Although there may be some tension between the legal theory applied in Agua Caliente and Fort Mojave and the balancing inquiry required under Bracker, these decisions are consistent as a practical matter.

Additionally, relying on Mescalero Apache Tribe v. Jones, 411 U.S. 145 (1973), Plaintiff argues that 25 U.S.C. § 465 bars this tax. Once again, we already addressed this issue: "In Agua Caliente, for example, we stressed that '[t]he California tax on possessory interests does not purport to tax the land as such,'

which would be barred by § 465, 'but rather taxes the "full cash value" of the lessee's interest in it,' which is not covered by § 465." Chehalis, 724 F.3d at 1158 n.7 (alteration in original) (quoting Agua Caliente, 442 F.2d at 1186). That conclusion is not clearly irreconcilable with Mescalero, and we therefore remain bound by it.

**AFFIRMED.**

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: February 1, 2019

*/s/ Miles B. H. Krieger*
Miles B. H. Krieger